IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.**, | * | |
| | * | |
| Plaintiff, | | |
| v. | * | Case No.: GJH-20-189 |
| **SITA CORPORATION**, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this action, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") seeks to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13, against Defendants. Pursuant to Fed. R. Civ. P. 55(b), Choice Hotels has filed a Motion for Default Judgment with a supporting affidavit. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for Default Judgment will be granted.

**I.   BACKGROUND**

Choice Hotels is a "publicly-traded company incorporated under the laws of the State of Delaware with principal headquarters in Rockville, Maryland." ECF No. 1 ¶ 1.[1] Choice Hotels is "primarily in the business of franchising hotels domestically and internationally . . . including but not limited to the trade and brand marks, names and systems associated with Quality Inn®." *Id.* Defendant Sita Corporation ("Sita") is a Virginia corporation with its principal place of business

---

[1] These facts are taken from Plaintiff's Application to Confirm Arbitration Award, ECF No. 1, and Plaintiff's Motion for Judgment by Default, ECF No. 6.

in Williamsburg, Virginia. *Id.* ¶ 2. Defendant Jaimin Patel owns Defendant Sita. *Id.* Mr. Patel is domiciled in Virginia and, according to Plaintiff's knowledge and belief, is neither employed nor resides in Maryland or Delaware. *Id.* ¶ 3.

On April 30, 2012, Choice Hotels entered into a Franchise Agreement in Maryland with Defendants through which Choice Hotels granted Defendants a license to operate a hotel in Newport News, Virginia. *Id.* ¶ 4. The Franchise Agreement required Defendants to pay in a timely manner, time being of the essence, specified monthly Royalty Fees, and Marketing/Reservation/System Fees calculated as a fixed percentage of the preceding month's Gross Room Revenues. *Id.* ¶ 5.

Defendants fell behind on required monthly fee payments. *Id.* ¶ 6. Accordingly, on or about April 6, 2017, and February 16, 2018, Plaintiff sent Defendants written Notices of Default, advising that Defendants were currently in default of material obligations arising under the payment provisions of the Franchise Agreement and providing Defendants with 10 days to cure the default. *Id.* Plaintiff advised Defendants that if the default was not cured by the deadline, the Franchise Agreement would be terminated pursuant to §10(b)(l)(a) and that Defendants would be liable to Plaintiff for damages, including liquidated damages in accordance with §10(d)(2) of the Franchise Agreement. *Id.*

Defendants did not cure the breach. *Id.* ¶ 7. Accordingly, Plaintiff terminated the Franchise Agreement via written notice dated March 28, 2018, which demanded immediate payment of contractually specified fees, interest, or liquidated damages to Plaintiff. *Id.* When Defendants did not make those payments, Plaintiff initiated arbitration proceedings with the American Arbitration Association against Defendants on or about November 18, 2018, pursuant to the arbitration clause of the parties' Franchise Agreement (the "Arbitration Agreement"). *Id.* ¶

8. The Arbitration Agreement states in relevant part that "any controversy or claim arising out of or relating to this Agreement . . . will be sent to final and binding arbitration before . . . the American Arbitration Association . . . ." *Id.*; ECF No. 1-2 at 1. The parties also agreed that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." ECF No. 1-2 at 1. Further, the arbitration clause states that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *Id*.

Arbitration proceedings were scheduled for June 26, 2019. *See* ECF No. 1 ¶ 11; ECF No. 1-3 at 1. Plaintiff sent notice of the proceedings to Defendants "by regular mail, certified mail and/or overnight FedEx delivery." ECF No. 1 ¶ 10. Nonetheless, Defendants failed to appear or participate during the arbitration proceeding. ECF No. 1 ¶ 11. The arbitrator found that due notice was provided to all parties and entered an award in favor of Choice Hotels and against Defendants in the amount of $132,104.41. ECF No. 1-3 at 2; *see also* ECF No. 1 ¶ 12–13. The Arbitrator also ordered Defendants to reimburse Choice Hotels for $5,967.50 of administrative fees and expenses. ECF No. 1-3 at 2.

Choice Hotels filed an "Application to Confirm Arbitration Award" in this Court on January 22, 2020. ECF No. 1. The Arbitrator's ex parte award, signed by Allen E. Hirschmann of the American Arbitration Association on July 17, 2019, is attached to the Application. ECF No. 1-3. Defendant Jaimin Patel was served with summonses and a copy of the application to confirm arbitration award on January 31, 2020. ECF No. 4-2; ECF No. 5 ¶ 1. Defendant Sita was served with summonses and a copy of the application to confirm arbitration award on March 9, 2020. ECF No. 4-1; ECF No. 5 ¶ 2. The Clerk entered default for want of answer against Defendants on July 29, 2020. ECF No. 8. Choice Hotels now requests that the Court issue

3

judgment by default against Defendants. ECF No. 6.

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). When a motion for default judgment is based on an application for confirmation of an arbitration award, the plaintiff "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels Int'l, Inc. v. Khan*, No. DKC 17-3572, 2018 WL 1046301, at *2 (D. Md. Feb. 26, 2018) (quoting *United Cmty. Bank v. Arruarana*, No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011)).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration

4

Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"Review of an arbitrator's award is severely circumscribed"—in fact, its scope "is among the narrowest known at law"—"because to allow full scrutiny of such awards would frustrate" the fundamental purpose of arbitration: "the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply*, 142 F.3d at 193; *see also Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D. Md. 1992). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (internal citations and quotation marks omitted).

Here, Choice Hotels' claims were properly before the American Arbitration Association under the arbitration clause of the parties' Franchise Agreement. *See* ECF No. 1-2; ECF No. 1-3

at 1. Despite duly and properly notifying Defendants of the arbitration proceedings, Defendants failed to appear or participate during any proceeding. ECF No. 1-3 at 1. In accordance with the parties' Arbitration Agreement and American Arbitration Association Commercial Rule 31, arbitration may proceed without a party who receives due notice but fails to participate. ECF No. 1-2 at 1; ECF No. 1 ¶ 11. The arbitrator determined that Defendants had been duly notified and proceeded with the hearing in their absence. ECF No. 1-3 at 1. The Arbitrator determined that Defendants had breached the parties' Franchise Agreement and awarded Plaintiff a judgment against Defendants in the amount of $138,071.91. ECF No. 1-3 at 1; ECF No. 1 ¶ 13.

The Court finds no reason in the record to question the validity of the Franchise Agreement or the conduct of the Arbitrator. *See Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015). Further, the parties agreed that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." ECF No. 1-2. The parties also agreed that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *Id.*[2]

### III. CONCLUSION

For the reasons explained above, Plaintiff's Motion for Default Judgment, ECF No. 6, will be granted. Judgment by default is entered in favor of Plaintiff Choice Hotels and against Defendants in the amount of $138,471.91, representing the Arbitrator's award of $132,104.41, administrative fees and expenses totaling $5,967.50, and costs of this action totaling $400.00.

---

[2] The Court notes that it has jurisdiction over this matter because the parties are diverse and the amount of the arbitration award for which Plaintiff seeks confirmation exceeds the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *see also Jai Shree Navdurga, LLC*, 2012 WL 5995248, at *1, *3.

ECF No. 1.[3] To the extent that Choice Hotels also requests post-judgment interest for the time period following this Court's grant of default judgment, Choice Hotels is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). A separate Order shall issue.

Dated: February 16, 2021  /s/
George J. Hazel
United States District Judge

---

[3] In contrast to this Court's prior decisions involving Plaintiff, here, Choice Hotels requested "costs of the action" in their original Application to Confirm Arbitration Award, ECF No. 1 at 6. *Cf. e.g.*, *Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015); *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.*, No. CV TDC-15-0516, 2015 WL 6123523, at *3 (D. Md. Oct. 14, 2015); *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. CIV.A. DKC 11-2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012). Therefore, the default judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).